# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADRIANNE ROGGENBUCK TRUST et al,**

    **Plaintiffs,**

-vs-                                          Case No. 6:09-cv-2056-Orl-31GJK

**DEVELOPMENT RESOURCES GROUP, LLC et al ,**

    **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss or for Summary Judgment (Doc. 24) filed by Defendants Development Resources Group, LLC ("DRG"), Legacy Dunes Condominium, LLC ("Legacy Dunes LLC"), Michael Halpin ("Halpin"), Michael Wear ("Wear"), and Timothy Tinsley ("Tinsley") (collectively, the "DRG Defendants") and the response (Doc. 31) filed by the Plaintiffs. Pursuant to the Court's *Milburn* order (Doc. 26) and as recognized by the Plaintiffs in their response (Doc. 31 at 1, arguing that "[g]enuine issues of material fact exist"), the Court has elected to treat the instant motion as one for summary judgment.

**I.    Background**

The Plaintiffs are a group of 18 individuals, a trust and a limited liability company, each of which purchased units at a Kissimmee-area development known as "Legacy Dunes." DRG formed Legacy Dunes LLC to buy the development, convert its units from apartments into condominiums, and sell them. The Plaintiffs all bought their units from Legacy Dunes LLC. Halpin managed DRG, and Wear and Tinsley were officers of that company. To market the condominiums, Legacy

Dunes LLC hired third party real estate brokers, who are also defendants in this suit. The brokers advertised on the radio in the Chicago area and ran real estate investment seminars at which they promoted Legacy Dunes.

The Plaintiffs contend that the contracts they signed to purchase their condominiums were actually investment contracts and therefore subject to securities laws. They have asserted federal claims for sales of unregistered securities (Count I), sales of securities by unlicensed persons (Count II), and securities fraud (Count III), as well as state law claims for sales of unregistered securities (Count IV) and sales of securities by unregistered persons (Count V).

The instant case closely resembles a case filed in this Court in 2008: *Alunni v. Development Resources Group, LLC*, Case No. 6:08-cv-1349 (henceforth, "*Alunni*"). *Alunni* involved a different group of condominium purchasers but the same development and many of the same defendants.[1] In that case, which was also decided by the undersigned, the parties were ordered to conduct limited discovery on the issue of whether the sales contracts constituted "securities" under federal law and to file dispositive motions, as warranted. (Doc. 71 at 2 in *Alunni*). On August 18, 2009, the Court granted the *Alunni* defendants' motions for partial summary judgment, concluding that the sales contracts were not "securities" within the meaning of federal law. The Court then declined to exercise supplemental jurisdiction over the remaining state law claims, which were dismissed without prejudice. (Doc. 133 at 17 in *Alunni*).

---

[1] The first numbered paragraph in each complaint, titled "Nature of the Action," is identical in both cases. Both include assertions that the pertinent complaint "also alleges related state law claims for fraud, negligent misrepresentation, conspiracy and breach of contract arising out of the actions by defendants alleged herein." However, no such state law claims are asserted in the instant case, while no state securities law claims were asserted in *Alunni*.

By way of the instant motion, the DRG Defendants seek summary judgment that the contracts at issue in this case, like the contracts at issue in *Alunni*, were not securities, and therefore the transactions at issue in this case did not implicate securities laws.

## II. Legal Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the

non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.    Analysis**

Although no discovery has occurred in this case, the DRG Defendants argue that they are entitled to summary judgment because this case involves a set of operative facts identical to those found in *Alunni*. More particularly, the DRG Defendants argue that the instant case involves units from the same development, which were marketed by the same brokers making the same (allegedly misleading) representations at the same seminars, and which were sold by the same entity using the same form contract.

In *Alunni*, the Court analyzed these facts in light of the three-part test set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298 (1946) and concluded that the contracts at issue were not securities. In *Howey*, the Supreme Court had held that a contract could constitute an "investment contract," and therefore be subject to federal securities laws, if it involved (1) an investment of money (2) into a common enterprise and (3) an expectation of profits to be derived solely from the efforts of others. *See SEC v. Kirkland*, 521 F.Supp.2d 1281, 1289 (M.D.Fla. 2007). Although the *Alunni* plaintiffs appeared to satisfy the first element, the Court found that there was no "common enterprise," primarily because the purchasers obtained complete control over the condominiums they purchased. (Doc. 133 at 14-17 in *Alunni*). Although purchasers were apparently told that the development would eventually be operated like a hotel – with the units generating short-term rental income and being overseen by a management company – neither party to the transaction was obligated to participate in such an undertaking. The sellers were not obligated (directly or via third parties) to find renters or  manage the "hotel." The purchasers were free to occupy their units, or

sell them, or rent them out on their own. (Doc. 133 at 15-16 in *Alunni*). *See Villeneuve v. Advanced Bus. Concepts Corp.*, 698 F.2d 1121, 1124 (11th Cir. 1983) (holding that common enterprise exists where the "fortunes of the investor are interwoven with and dependent on the efforts and success of [the promoter] or of third parties.").

As the Plaintiffs point out, the claims in this case are not barred by the doctrine of *res judicata*, which bars subsequent claims arising from the same nucleus of operative fact that gave rise to claims decided in an earlier suit, but only where the parties, or those in privity with them, are the same in both suits. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). What they do not point out, however, is any instance in which the facts as set forth in the motion for summary judgment and accompanying exhibits differ in any significant way from the facts as found in *Alunni*. They do not argue that the contracts they signed differed from the contracts signed by the *Alunni* plaintiffs. They do not allege that the representations made to them differed from those allegedly made to the plaintiffs in *Alunni*. They do not dispute the assertion that Legacy Dunes LLC never represented that it would continue to operate or manage the properties or assist in generating revenue for individual unit owners after closing, or that the company's only post-closing obligation to them was to continue to try to sell the remaining units. Most significantly, they do not dispute the DRG Defendants' contention that purchasers "received complete and permanent possession of their units" and "were free to rent their units, occupy their units, or hold their units for whatever lawful purpose they chose" (Doc. 24 at 9), just as in the *Alunni* case.

On these undisputed facts, just as in the *Alunni* case, there was no common enterprise. Therefore the contracts at issue were not investment contracts, and these transactions were not

subject to the federal securities laws. Further, Florida has adopted the federal test for determining whether a transaction constitutes a sale of securities. *See Messer v. E.F. Hutton & Co.*, 847 F.2d 673, 676 (11th Cir. 1988). Thus, the conclusion that these contracts were not securities is fatal to both the federal and the state claims in this case.

## IV. Conclusion

The Plaintiffs have failed to demonstrate the existence of a genuine issue of material fact with regard to the issue of whether the contracts at issue here were securities under state or federal law. Therefore, the DRG Defendants are entitled to summary judgment on all five counts. As the contracts at issue are the same as to all the Defendants, the non-movant Defendants are also entitled to summary judgment on all five counts. The determination as to summary judgment moots the portion of the motion seeking dismissal. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss or for Summary Judgment (Doc. 24) is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. Insofar as the motion sought summary judgment, the motion is **GRANTED**, and the Clerk is directed to enter final judgment in favor of all the Defendants. Insofar as the motion sought dismissal, it is **DENIED AS MOOT**. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 26, 2010.

							GREGORY A. PRESNELL
							UNITED STATES DISTRICT JUDGE